IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

STEPHEN CURTISS,

    Plaintiff,

v.

JOHN MCCORMALLY, CHARLES PALMER, STEVEN ADDINGTON, BOB STOUT, AND JASON SMITH,

    Defendants.

No. 12-CV-4035-DEO

INITIAL REVIEW ORDER

I. INTRODUCTION AND BACKGROUND

Currently before this Court is Plaintiff's Application to Proceed in Forma Pauperis, Pro Se Complaint, Pro Se Supplements to his Complaint, and Motion for Appointment of Counsel. Docket No. 1 and 1-1, 2, 3, 5, 6, and 7. Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1] Plaintiff's Pro Se Complaint and supplements thereto are difficult to understand; however, pro se plaintiff's are not

---

[1] CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #410-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited June 13, 2012. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

held to the same standards as attorneys, and pro se complaints are to be construed liberally. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

It is clear Plaintiff alleges Senior Judge William Pattison, formerly of the District Court of Story County, Iowa, submitted an Order discharging him from CCUSO on January 17, 2011. Plaintiff also alleges Judge Pattison subsequently retired, and Plaintiff, 15 months later, has not been released. Plaintiff generally alleges that his Attorney, Steven Addington; Assistant Attorney General, John McCormally; the Director of the Iowa Department of Human Services, Charles Palmer; the Director of CCUSO, Jason Smith; and a therapist at CCUSO, Bob Stout, are conspiring or individually seeking to keep Plaintiff in CCUSO, despite Judge Pattison's Order of discharge. Plaintiff also generally alleges that Jason Smith and Bob Stout are retaliating against him due to his pending discharge. Specifically, Plaintiff claims he has been denied a one man room, even though his roommate has threatened to kill him; he is not allowed to attend church outside of CCUSO; and Defendants Smith and Stout are misrepresenting the likelihood that he will re-offend in hearings related to his release plan.

**II.  IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a).  In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other Court costs.[2]  In order to qualify for in forma pauperis status, a plaintiff must provide a court an affidavit[3] with the following statements:  (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor.  28 U.S.C. § 1915(a)(1). Plaintiff provided this Court an application that substantially meets the above requirements.  **Therefore, Plaintiff's Application to Proceed in Forma Pauperis is granted.**

---

[2] Under the Prison Litigation Reform Act, a prisoner who qualifies for in forma pauperis status must still pay the full filing fee in increments. 28 U.S.C. § 1915(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h).  CCUSO is not a prison facility and Plaintiff is not a prisoner; thus, 28 U.S.C. § 1915(b) does not apply.

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

3

## III. MERITS OF PLAINTIFF'S CLAIM

Once any portion of a filing fee is waived, a court must dismiss a case if a plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff's Pro Se Complaint, though it does not state grounds for this Court's exercise of jurisdiction, appears to be a mixture of a 42 U.S.C. Section 1983 cause of action and a 28 U.S.C. Section 2254 cause of action. Section 1983 provides for a cause of action against people who, under authority claimed pursuant to state law, subject another to deprivation of rights provided under the Constitution or laws of the United States. 42 U.S.C. § 1983. Section 2254 provides for a cause of action for persons confined pursuant to a state law that is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Though Section 1983 and Section 2254 causes of action appear to be equally applicable in certain circumstances, in <u>Preiser v. Rodriguez</u>, the United States Supreme Court held that Section 2254 was the sole remedy for plaintiffs confined pursuant to

state law who are seeking release or a reduction in the term of their confinement.  411 U.S. 475, 489 (1973).

   A.  **Section 2254**

A Section 2254 applicant must generally exhaust all State court remedies prior to filing in Federal court.  28 U.S.C. § 2254(b)(1)(A).  Only when "there is an absence of State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant," can a Federal court intervene in State court proceedings.  28 U.S.C. § 2254(b)(1)(B)(I) and (ii).  In order for one of these two exceptions to apply, there must be "highly exceptional circumstances [that] warrant prompt federal intervention."  Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984).  "[D]elay in a state court in and of itself is usually not sufficient to merit federal intervention."  Id. In this case, Plaintiff has neither alleged that he has exhausted his State court remedies, nor that a valid exception to exhaustion applies; **as such, to the extent Plaintiff's Complaint may be construed as a Section 2254 Petition, it is dismissed without prejudice to refiling.**

However, in Wilkinson v. Dotson, the Supreme Court ruled that "state procedures used to deny parole eligibility and

5

parole suitability" were subject to Section 1983. 544 U.S. 74, 82 (2005). Though the reasons for Plaintiff's 15 month detainment post-discharge are yet unclear, Plaintiff, in light of the Supreme Court's decision in <u>Wilkinson</u>, may have a Section 1983 cause of action against Charles Palmer, Director of Health and Human Services; Jason Smith, Director of CCUSO; and Bob Stout, therapist at CUSSO, based on his allegations that the procedures they are employing in executing his discharge, or determining the conditions of his transitional release, are in violation of the Constitution.[4] Under such a claim, Plaintiff would be entitled to damages and an "injunction enjoining the prospective enforcement of invalid . . . regulations." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 554-55 (1974). Furthermore, even if the regulations employed are not, in and of themselves, in violation of the Fourteenth

---

[4] The Department of Human Services is given a great deal of regulatory and enforcement discretion throughout the Iowa's Sexually Violent Predators Act. For instance, Iowa Code Section 229A.8A provides that the "department of human services is authorized to establish a transitional release program and provide control, care, and treatment, and supervision of committed persons placed in such a program." In addition, the "department of human services shall be responsible for establishing and implementing the rules and directives regarding the location of the transitional release program, staffing needs, and restrictions on confinement and the movement of committed persons . . . ." Iowa Code § 229A.8A(1) and (6).

6

Amendment Due Process Clause, Plaintiff may also have a substantive due process cause of action based in his allegations that Defendants Charles Palmer, Jason Smith, and Bob Stout have actively sought to delay Judge Pattison's Order of discharge.

Finally, to the extent Plaintiff alleges Defendants Jason Smith and Bob Stout have retaliated against him due to his discharge, Plaintiff may have a Section 1983 cause of action for a Fourteenth Amendment Equal Protection Clause violation and/or a Fourteenth Amendment substantive due process violation. See Youngberg v. Romeo, 457 U.S. 307 (1982) (providing that, in the context of involuntarily committed patients, 8th Amendment cruel an unusual punishment does not apply; rather, involuntarily committed patients have "substantive liberty interests under the Fourteenth Amendment").

**B. Prosecutorial Immunity**

Named Defendant John McCormally is an Iowa Assistant Attorney General. In Imbler v. Pachtman, the Supreme Court held that prosecutors are entitled to absolute immunity from Section 1983 suits for actions taken within the scope of their duties. 424 U.S. 409, 427 (1976). Judge Learned Hand best

addressed the policy behind absolute prosecutorial immunity when he stated that it was ultimately "better to leave undressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."[5]  Gregoire v. Biddle, 177 F.2d 579, 581 (C.A.2 1949).

Plaintiff fails to allege that Assistant Iowa Attorney General McCormally has taken any action outside of the scope of his duties as a prosecutor.  **Therefore, in as far as Plaintiff makes claims against Attorney General McCormally, those claims are dismissed without prejudice.**

C. State Actor Requirement

The Constitution, with the exception of Section 1983, only allows for causes of action against persons acting "under color" of state law.  42 U.S.C. § 1983.  A person is acting under color of state law if their actions meet the Fourteenth Amendment state action requirement.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982).  The Fourteenth Amendment state action requirement is met when there is such a "'close

---

[5] Though actions taken by prosecutors within the scope of their duty are not redressable via civil proceedings, prosecutors are still subject to criminal law and the rules of ethics imposed by their peers.  Imbler, 424 U.S. at 428-29.

8

nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" <u>Brentwood Academy v. Tennessee Secondary School Athletic Ass'n</u>, 531 U.S. 288 (2001) (quoting <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351 (1974). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." <u>Bilal v. Kaplan</u>, 904 F.2d 14, 15 (8th Cir. 1990) (citing <u>Harkins v. Eldredge</u>, 505 F.2d 802, 803 (8th Cir. 1974). Appointed counsel for involuntary committees are, in fact, opposing the Government. Therefore, absent allegations sufficient to sustain a finding that Attorney Addington is conspiring with the Iowa Assistant Attorney General or administrators or employees of the Department of Human Services, there can be no cause of action against Attorney Addington, whether based directly on the Constitution or in Section 1983. Plaintiff fails to make such sufficient allegations; **therefore, Plaintiff's claims against Attorney Addington are dismissed without prejudice.**

**IV. APPOINTMENT OF COUNSEL**

28 U.S.C. §1915(e)(1) provides that appointment of

9

counsel for a person unable to afford counsel is within this Court's discretion. Given Plaintiff's current financial situation and the nature of his claim, **his Motion for Appointment of Counsel is granted.**

V. CONCLUSIONS

**Plaintiff's Application to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Plaintiff's Complaint. No filing fee will be assessed. The Clerk of Court shall also deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the complaint (Docket No. 1-1) to the CCUSO facility, care of each remaining Defendant, and to the Iowa Attorney General.**

**Plaintiff's Motion for Appointment of Counsel is granted. The Clerk of Court shall appoint Attorney Pamela Wingert forthwith. The Clerk of Court is further instructed to send Plaintiff a copy of this Order and the contact information for appointed counsel. Because Plaintiff has been appointed counsel, any further pleadings on Plaintiff's behalf should be filed solely through his appointed counsel. Appointed counsel shall have 20 days to file an amended complaint.**

**Plaintiff's claims against his Attorney, Steven Addington, are dismissed without prejudice. Mr. Addington is not a state actor and so not subject to Section 1983 or claims otherwise brought under the Constitution. The Clerk of Court is hereby ordered to remove Mr. Addington as a named Defendant.**

**Plaintiff's claims against Iowa Assistant Attorney General McCormally are dismissed without prejudice. Prosecutors are entitled to absolute immunity from all civil suits, including Section 1983 suits. The Clerk of Court is hereby order to remove Mr. McCormally as a named Defendant.**

**In as far as Plaintiff is raising a 28 U.S.C. Section 2254 cause of action, his cause of action is dismissed without prejudice. Plaintiff has neither exhausted his State remedies, nor offered a valid excuse for failing to exhaust his State remedies.**

However, to the extent Plaintiff seeks monetary damages or injunctive relief, rather than release from CCUSO, he may have a valid Section 1983 cause of action against Charles Palmer, Bob Stout, and Jason Smith for violations of the

Fourteenth Amendment Equal Protection Clause, Procedural Due Process Clause, and substantive due process violations.[6]

**IT IS SO ORDERED** this 14th day of June, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[6] This list is not intended to be exclusive.

## NOTICE OF LAWSUIT and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| STEPHEN CURTISS,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN MCCORMALLY, CHARLES PALMER,<br>STEVEN ADDINGTON, BOB STOUT, and<br>JASON SMITH,<br><br>   Defendants. | No. 12-CV-4035-DEO |

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: <u>6/14/2012</u>.

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this <u>June 14</u>, 2012.

                     /s/ des, Deputy Clerk
                     Signature (Clerk's Office Official)
                       Northern District of Iowa
                   Robert L. Phelps
                   Clerk of Court

**ACKNOWLEDGMENT OF RECEIPT OF
NOTICE OF LAWSUIT,
and WAIVER OF SERVICE OF SUMMONS**

(**Return **this** document within thirty days after \_\_\_6/14/2012\_\_\_, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

STEPHEN CURTISS,

      Plaintiff,

vs.

JOHN MCCORMALLY, CHARLES PALMER, STEVEN ADDINGTON, BOB STOUT, and JASON SMITH,

      Defendants.

No. 12-CV-4035-DEO

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent) or the filing of Plaintiff's amended complaint, whichever date is later.

Date _____    Signature _____
                             Printed name _____
                             As _____ of _____
                                   (Title)          (Entity)

**Address Form**

Case Number: 12-CV-4035-DEO                   Date:  6/14/2012

To:   Clerk of Court
RE:   Service on Named Defendants

      Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**